UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAI CARR,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF ESSEX, ARMANDO B. FONTOURA, *Individually and in his official capacity as Sheriff of Essex County*, JOHN GONCALVES, *Individually and in his official capacity as Undersheriff of Essex County*, JACQUELINE JONES, *Individually and in her official capacity as Deputy Director of Human Resources of Essex County*, and JOHN/JANES DOES 1- 10,<br><br>        Defendants. | Civil Action No.: 20-20587 (JXN)(JSA)<br><br>**MEMORANDUM ORDER** |

**NEALS**, District Judge

     Before the Court is Defendants the County of Essex, Armando B. Fontoura, John Goncalves, and Jacqueline Jones' (collectively "Defendants") motion to enforce settlement against Plaintiff Shai Carr ("Plaintiff"). (ECF No. 90.) The Court referred the matter to Magistrate Judge Jessica S. Allen ("Judge Allen") for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(a)(2). On November 25, 2025, Judge Allen issued a Report and Recommendation ("R&R") recommending that (1) the portion of Defendants' motion seeking to enforce the settlement be granted in part, and (2) the portion of the motion requesting attorneys' fees and costs be denied. (ECF No. 120.) Specifically, with regard to the settlement, Judge Allen found that Defendants are entitled as a matter of law to enforce the settlement terms as set forth in the Binding Settlement Term Sheet signed by the parties on May 1, 2024, but found that Plaintiff should not be compelled to sign the specific form of the written

settlement agreement and general release attached as Exhibit E to Defendants' motion at ECF No. 91-5. (*Id*. at 13.) Additionally, Judge Allen found no "willful bad faith on the part of" Plaintiff and thus recommended that Defendants' request for an award of costs and fees be denied. (*Id*. at 15.) The parties were given notice that they had fourteen (14) days from receipt of the R&R to file and serve objections pursuant Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), and 28 U.S.C. § 636(b)(1)(C). The time for filing objections to Judge Allen's R&R expired on December 11, 2025. To date, no objections have been filed.

Where a party timely objects to the report and recommendation of the magistrate judge, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting a district court should give "some level of review" to a report and recommendation by a magistrate judge). The Court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making [its] own determination on the basis of that record." L. Civ. R. 72.1(c)(2).

The Court has reviewed the R&R under the appropriate standards, agrees with Judge Allen's analysis, and accepts Judge Allen's recommended disposition. Accordingly,

**IT IS** on this 12th day of December 2025,

**ORDERED** that Judge Allen's R&R dated November 25, 2025 (ECF No. 120) is hereby **ADOPTED** as the Opinion of this Court; it is further

**ORDERED** that Defendants' motion to enforce the settlement (ECF No. 90) is **GRANTED** *in part*; it is further

2

**ORDERED** that the settlement terms to which the parties agreed, as set forth in the Binding Settlement Term Sheet signed by the parties on May 1, 2024, are enforceable as a matter of law;[1] it is further

**ORDERED** that Defendant's request that Plaintiff Shai Carr ("Plaintiff") be directed to execute the Confidential Settlement Agreement and Release attached as Exhibit E to the November 22, 2024 Declaration of Melissa A. Salimbene (ECF No. 91-5) is **DENIED**; it is further

**ORDERED** that the parties shall provide a final settlement agreement containing a release as per the Binding Settlement Term Sheet signed by the parties on May 1, 2024, and consistent with Judge Allen's R&R within fourteen (14) days of the entry of this Memorandum Order; and it is further

**ORDERED** that Defendants' request for attorneys' fees and costs is **DENIED**.

                                                                                       **JULIEN XAVIER NEALS**
                                                                                       **United States District Judge**

---

[1] As determined by Judge Allen, "both sides agree that the Term Sheet itself reflects the full substantive terms of the settlement agreement." *See* R&R at 14 (citing ECF No. 119 14:10-15, 23:20-23, 45:16-21).